IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMED AL-'OWHALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-01399-SMY |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| MICHAEL CARVAJAL, | ) |
| GENE BEASLEY, | ) |
| BARB VON BLANCKENSEE, and | ) |
| DANIEL SPROUL, in their official | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mohamed al-'Owhali, an inmate in the Federal Bureau of Prisons ("BOP") currently incarcerated at United States Penitentiary Marion, filed the instant lawsuit seeking declaratory and injunctive relief. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

Plaintiff asserts he is a seriously mentally ill prisoner with an imminent transfer to the United States Penitentiary Administrative Maximum Facility in Florence, Colorado ("ADX"). He asserts three claims in his Complaint: (1) the transfer is punishment for his association and leadership role in a group of Muslim inmates in violation of the First Amendment; (2) the transfer will impose a significant and atypical hardship and he has been denied notice and adequate hearing

of his disciplinary charge in violation of the Fifth Amendment; and (3) ADX cannot provide adequate mental health care to inmates with serious mental illnesses and the effects of isolation at ADX will exacerbate his condition in violation of the Eighth Amendment. Plaintiff seeks a declaration that the transfer would infringe those constitutional rights and a preliminary and permanent injunction prohibiting the transfer.

"Article III of the U.S. Constitution limits the authority of the federal courts to "cases or controversies." *Rock Energy Co-op. v. Vill. of Rockton*, 614 F.3d 745, 748 (7th Cir. 2010). "From that requirement flow two closely related concepts: ripeness and standing." *Id.* "Both of these doctrines bar a plaintiff from asserting an injury that depends on so many future events that a judicial opinion would be advice about remote contingencies." *Id.* "Ripeness concerns may arise when a case involves uncertain or contingent events that may not occur as anticipated, or not occur at all." *Wisconsin Right to Life State Political Action Committee v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011). An issue is unfit for judicial review when it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998); *see also Barland*, 664 F.3d at 148.

Plaintiff's claims are based on BOP officials' recommendation that he be transferred to ADX (Doc. 1, pp. 3, 11) and what he believes will occur at ADX. First, the potential transfer alone is not sufficient to state a constitutional claim as a prisoner does not generally have a constitutional right to remain or be transferred to a facility of his choice. *Meachum v. Fano,* 427 U.S. 215, 224–25 (1976). Moreover, his claims based on allegations of possible future injury after a transfer that has not yet occurred are not ripe at this time and must be dismissed.

## Disposition

The Complaint is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file

a First Amended Complaint by December 30, 2021. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A. If Plaintiff fails to file his First Amended Complaint within the allotted time, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

    **IT IS SO ORDERED.**

    **DATED:  November 30, 2021**

    *s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**