**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MOHAMED AL-'OWHALI, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 3:21-cv-01399-SMY |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| MICHAEL CARVAJAL, | ) | |
| ANDRE MATEVOUSIAN, | ) | |
| BARB VON BLANCKENSEE, and | ) | |
| DANIEL SPROUL, in their official | ) | |
| capacities, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mohamed al-'Owhali, an inmate in the Federal Bureau of Prisons ("BOP"), filed the instant lawsuit alleging deprivations of his constitutional rights related to a transfer from the United States Penitentiary Marion ("Marion") in Marion, Illinois to the United States Penitentiary Administrative Maximum Facility in Florence, Colorado ("ADX"). This case is now before the Court for preliminary review of the First Amended Complaint (Doc. 12) under 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

Plaintiff asserts he is a seriously mentally ill prisoner and the decision to transfer him to the United States Penitentiary Administrative Maximum Facility in Florence, Colorado ("ADX") was made by Marion and high-ranking BOP officials based on improper anti-Muslim animus in

violation of the First Amendment, without providing him with a meaningful hearing in violation of the Due Process clause of the Fifth Amendment, and with deliberate indifference to his need for mental health treatment in violation of the Eighth Amendment.  Without commenting on the merits of Plaintiff's claims, the Court finds that Counts 1-3 survive preliminary review under § 1915A.

### Disposition

Counts 1, 2, and 3 **WILL PROCEED** against Defendants Federal Bureau Of Prisons, Michael Carvajal, Andre Matevousian, Barb Von Blanckensee, and Daniel Sproul, in their official capacities.

Plaintiff and his counsel are responsible for completing service of process in this case.  If a waiver or summons is requested for an address other than a BOP facility, the address(es) **SHALL** be **REDACTED** on the record and the address(es) **SHALL NOT** be disclosed to Plaintiff.  *See Sellers v. United States*, 902 F.2d 598, 602 (7th Cir.1990) (recognizing that inmates are not entitled to personal information about correctional employees and that disclosing the information creates a threat to that employee's personal safety).

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Administrative Order No. 244 shall not apply in this instance; Defendants are required to respond directly to the allegations in the First Amended Complaint.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  July 25, 2022**

_s/ Staci M. Yandle_____
**STACI M. YANDLE**
**United States District Judge**