IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMED AL-'OWHALI,  )<br>  )<br>Plaintiff,  )<br>vs.  )<br>  )<br>FEDERAL BUREAU OF PRISONS,  )<br>MICHAEL CARVAJAL,  )<br>GENE BEASLEY,  )<br>BARB VON BLANCKENSEE, and  )<br>DANIEL SPROUL, in their official  )<br>Capacities,  )<br>Defendants.  ) | Case No. 3:21-cv-01399-SMY |

## DECLARATION OF DOUGLAS ENGLISH

I, Douglas English, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows related to the above-titled matter:

1. I am employed by the Federal Bureau of Prisons (BOP) as a Case Manager at the Federal Correctional Complex in Florence, Colorado (FCC Florence). I have held this position since January 16, 2022. I currently serve as the Case Manager for inmate Mohamed Al-'Owhali, Reg. No. 42371-054. In my position and as part of my official duties, I have access to official records kept in the ordinary course of business of the BOP. Those records include the records of inmate Al-'Owhali.

2. Exhibit A contains materials related to the transfer of inmate Al-'Owhali to FCC Florence. These records are true and accurate copies of records kept in the ordinary course of business of the BOP.

3.     Exhibit B contains the records relevant to incident Report #3471033, which inmate Al-'Owhali received on December 20, 2020. These records are true and accurate copies of records kept in the ordinary course of business of the BOP. Executed this 1st day of November 2022.

                                               Douglas English, Case Manager
                                               Federal Bureau of Prisons
                                               Federal Correctional Complex
                                               Florence, Colorado

Exhibit A

| ADX GENERAL POPULATION PLACEMENT DECISION | | |
|---|---|---|
| NAME | REGISTER NUMBER | INSTITUTION |
| AL-OWHALI, Mohamed | 42371-054 | MAR |

You warrant placement at the ADX in General Population.

You have the right to appeal this decision within thirty days of receipt, through the Administrative Remedy Program, using a Regional Administrative Remedy Appeal (BP-10) form. Your appeal should be sent to the Grand Prairie Complex, U.S. Armed Forces Reserve Complex, 346 Marine Forces Drive, Grand Prairie, Texas 75051.

You have the right to appeal the BP-10 response within thirty days from the date on the BP-10 response using the Central Office Administrative Remedy Appeal (BP-11) form. Your appeal should be sent to Office of General Counsel, HOLC Building, 320 First Street, N.W., Washington, D.C. 20534.

Decision Status: APPROVE [✓]   DISAPPROVE [ ]

_____   10/1/2021
Andre Matevousian, Assistant Director   Date
Correctional Programs Division

_____   10/4/2021
Inmate Signature Acknowledging Receipt of Decision   Date

_____   10-4-21
Staff Signature Acknowledging Delivery to Inmate   Date

cc: Inmate Central File
Regional Director
Regional DHA/DHO
ADX Warden
ADX CMC
Warden
CMC
Unit Team
Captain

BOP000001

10-6-2021

FROM: AL Owhali Mohamed 42371054

TO: whatever consern

I intend to Appeel My ADX disgnation

AL'owhali Mohammed

BOP000002

| ADX GENERAL POPULATION HEARING ADMINISTRATOR'S REPORT |||
|---|---|---|
| Inmate's Name | Register Number | Institution |
| AL-OWHALI, Mohamed | 42371-054 | USP MARION |

| | 1. | Notice of Hearing |
|---|---|---|
| | \multicolumn{2}{l|}{The Notice of Hearing on Referral for Transfer to the General Population at the ADX in Florence, Colorado, which outlines the basis for the placement recommendation was given to the inmate on 09/27/2021, at 1:05 p.m. (Central Standard Time). The hearing was held on 09/28/2021, at 1:45 p.m., via telephonic hearing.} |
| | 2. | Attendance |
| | \multicolumn{2}{l|}{The inmate was advised in the Notice of General Population Hearing form of the opportunity to be present during the hearing.} |
| X | \multicolumn{2}{l|}{The inmate was present during the hearing.} |
| | \multicolumn{2}{l|}{The inmate was not present during the hearing for the following reason(s): N/A} |
| | 3. | Inmate's Statement |
| | \multicolumn{2}{l|}{The inmate was advised in the Notice of General Population Hearing form of the opportunity to make a statement during the hearing, pertaining to the referral for his placement in the ADX General Population (ADX-GP). The information below was confirmed during the hearing.} |
| | \multicolumn{2}{l|}{The inmate did not make a statement during the hearing for the following reason(s): N/A} |
| X | \multicolumn{2}{l|}{The inmate made the following statement during the hearing: Inmate Al-Owhali says the notion of being an influential inmate was given to him by the BOP when they allowed him to lead prayer amongst the Muslim inmates. He says no one ever told him to stop leading prayer, and that he would have stopped if he was told that he could not do it. Inmate Al-Owhali also says he did not have prior misconduct until recently, and that it (the incident) was regarding the use of the t.v., not because of religious beliefs. And, inmate Al-Owhali says that if one reviews video footage of the incident, one would see that he did not assault inmate Moon. In turn, inmate Al-Owhali also stated that he disagrees with this ADX-GP referral.} |
| | 4. | Presentation of Documentary Evidence |
| | \multicolumn{2}{l|}{The inmate was advised in the Notice of General Population Hearing form of the opportunity to submit documentary information.} |
| X | \multicolumn{2}{l|}{The inmate did not present any documentary evidence.} |
| | \multicolumn{2}{l|}{The inmate presented the following documentary evidence: N/A} |
| | \multicolumn{2}{l|}{The inmate asked to present documentary evidence, but was denied for the following reason(s): N/A} |
| | 5. | Finding |
| | \multicolumn{2}{l|}{The inmate does not appear to meet the criteria for placement in the ADX-GP for the following reason(s): N/A} |
| X | \multicolumn{2}{l|}{The inmate appears to meet the following criteria for placement in the ADX-GP:} |
| X | \multicolumn{2}{l|}{The inmate's conduct within correctional institutions creates a risk to institution security, good order, and the safety of staff, inmates, others, and/or the public safety.} |
| | \multicolumn{2}{l|}{As a result of the inmate's status either before or after incarceration, he may not be safely housed in the general population of a regular correctional institution.} |

1

| ADX GENERAL POPULATION HEARING ADMINISTRATOR'S REPORT | | |
|---|---|---|
| Inmate's Name | Register Number | Institution |
| AL-OWHALI, Mohamed | 42371-054 | USP MARION |

| 6. | Information Utilized |
|---|---|

On 09/28/2021, at 1:45 p.m., you appeared before this hearing administrator, via phone. After being advised of the opportunities afforded to you during this process, you gave a statement to this Hearing Administrator. In essence, you do not agree with the possibility of being designated to ADX-GP. See Section 3 of this report.

You were referred to ADX-GP because of your disruptive behavior and staff believes that your placement in other correctional facilities creates a risk to institutional security and good order or poses a risk to the safety of staff, inmates, others, or to public safety.

The ADX-GP referral packet reflects you engaged in disruptive behavior at USP Marion. Specifically, an Inmate investigation completed on 02/01/2021, revealed you held an influential (leadership) role amongst the Muslim inmates in your assigned unit, and directed a number of them to assault other inmates who do not share your views. This allegation is supported by your discipline record as shown in IRNO. 3471033 and IRNO. 3464412.

In addition, discipline records show you were found guilty of a violent prohibited act against another inmate, on 12/08/2016. Records shows that on that date you were charged with Assaulting Another Person, Code 224, stemming from an incident that occurred on 05/29/2016. (As shown in IRNO. 2857971).

Though you claim BOP allowed you to be an influential inmate when the agency allowed you to lead prayer amongst the Muslim inmates, it is evident that you took advantage of leading prayer to engage and direct other inmates to engaged in violent acts against other inmates. Insofar as you claim that upon review of video footage, I (this Hearing Administrator) would learn that you did not assault another inmate, I remind you that ADX-GP hearing is not to determine the merits of the DHO's decision included in this referral. Reviews of DHO decisions fall under the Regional Director's authority, as stipulated in PS1330.18 – Administrative Remedy Program.

In sum, a review of this ADX-GP referral packet show you have been found guilty of committing three high severity level prohibited acts within the past 60 months. As a result of your ability to influence or control other inmates and the severity of your assaultive and violent behavior, this hearing administrator finds evidence which suggest you are unable to function in a less restrictive correctional environment without being a threat to others or to the secure and orderly operation of a less secure correctional facility. Evidently, you have the proclivity to create a dangerous environment for staff as well as for inmates. Thus, this Hearing Administrator concludes you meet the criteria for ADX-GP Placement.

| 7. | Recommendation | |
|---|---|---|
|   | The inmate should not be placed in the ADX-GP. |
| X | The inmate should be placed in the ADX-GP. |

BOP000004

| ADX GENERAL POPULATION HEARING ADMINISTRATOR'S REPORT |||
|---|---|---|
| Inmate's Name | Register Number | Institution |
| AL-OWHALI, Mohamed | 42371-054 | USP MARION |

| 9. | Appeal Rights ||||
|---|---|---|---|---|
| Upon receipt of the Assistant Director's decision, you may appeal the decision through the Administrative Remedy Program. |||||
| | I. Hernandez | [signature] DHA | | 9/29/21 |
| | Hearing Administrator's Name | Signature | | Date |
| 10. | Delivery of Hearing Administrator's Report to Inmate ||||
| | [signature] | | | 9-29-21 |
| | Inmate's Signature | | Date | |
| The inmate refused to sign for a copy of the ADX General Population Hearing Administrator's Report. I have personally delivered a copy of the report to the above mentioned inmate. |||||
| | | | | |
| | Staff Name (Printed) | Signature | | Date |

3

BOP000005

| Notice of Hearing on Referral for Transfer to ADX Florence General Population |||
|---|---|---|
| Name | Register Number | Institution |
| AL-OWHALI, Mohamed | 42371-054 | USP Marion |

| | | |
|---|---|---|
| This Notice was delivered on (date/time): | 09-27-21 @ 1:05 am/pm | |
| Delivered by: | Name: N. Simpkins | Title: CSW |
| Signature: | N. S—K | |
| From: | I. Hernandez<br>Hearing Administrator<br>Western Regional Office | [signature] DHA 9/27/21 |

You have been referred for a hearing before a Hearing Administrator. This hearing is to determine if you should be transferred to the ADX Florence General Population, in Florence, Colorado (ADX-GP). Information concerning this referral, and the procedures, are set forth in this Notice form.

| 1. | Scheduled Date/Time for Hearing: | Tuesday, September 28, 2021 @ 1:30 p.m. (Central Standard Time) |
|---|---|---|
| 2. | This hearing may be conducted via video conferencing, teleconference, or in person at your present institution, or at any other location determined by the Hearing Administrator.<br><br>Your hearing will be conducted via teleconference. ||
| 3. | You are being referred for placement in the ADX-GP based on the following: ||
| X | Your conduct creates a risk to institution security and good order, poses a risk to the safety of staff, inmates or others, or to public safety. ||
| | As a result of your status either before or after incarceration, you may not be safely housed in the general population of a regular correctional institution. ||

Without jeopardizing institution security or good order, or the safety of any person, detail as fully as possible the facts or situation(s) resulting in the recommendation for transfer:

You are being referred for ADX-GP Placement because you have been engaged in disruptive behavior during the past few years. Specifically, an Inmate Investigation revealed you hold an influential role amongst inmates in your assigned unit, that are from the Muslim community and have directed a number of them to engage in acts of violence against other inmates who do not share your views. Your discipline record support this claim as it shows you have committed various acts of violence against other inmates. The prohibited acts levied against you regarding this investigation include:

1. Assaulting Any Person (IRNO. 3471033)
2. Assaulting Any Person (IRNO. 3464412)

In addition, discipline records show you were found guilty of a violent act against another individual, a few years ago. At that time, you were charged and found guilty of Assaulting Any Person (IRNO. 2857971).

Bureau of Prisons believes there is a substantial risk that your interactions with others could result in death or serious bodily injury to others. Your history of disruptive behavior shows you have a proclivity for violence, as demonstrated by your discipline record and your instant offenses. BOP believes that unless your interactions with others are tightly controlled and monitored, and appropriate safeguards imposed while you are in custody, you will be in a position to communicate

BOP000006

| Notice of Hearing on Referral for Transfer to ADX Florence General Population | | |
|---|---|---|
| Name | Register Number | Institution |
| AL-OWHALI, Mohamed | 42371-054 | USP Marion |

| | and continue to victimize other individuals. |
|---|---|
| | Accordingly, it is determine that you present security management concerns, which cannot be met, adequately, in general population of a regular institution. |
| 4. | As an inmate referred for placement in the ADX-GP, you will be afforded: |
| a. | The opportunity to have a written summary of the specific behavior or situation which forms the basis for the placement recommendation, unless such information would likely endanger staff or others. You will receive this summary and notice of the hearing at least twenty-four hours prior to the hearing. |
| b. | The opportunity to be present throughout the hearing except where institution security or good order would be jeopardized. |
| c. | The opportunity to make an oral statement to the Hearing Administrator. |
| d. | The opportunity to present documentary evidence in your behalf which is relevant to the issue, provided institution security or individual safety would not be jeopardized. |
| e. | The opportunity to be advised, in writing, of the Hearing Administrator's recommendation and of a summary of the facts and reason(s) supporting the recommendation, to the extent institution security or individual safety would not be jeopardized. |
| 5. | I have been advised of the above procedures related to the hearing on referral for placement in the ADX-GP. I have also received a copy of the Administrative Procedures for Transfer to the ADX-GP. |

| Inmate Signature: [signature] | Register Number: 42371054 | Date: 9-27-21 |
|---|---|---|

When an inmate has been advised of the above hearing procedures and provided a copy of the Administrative Procedures for Transfer to the ADX-GP, but refuses to sign the acknowledgement, the following is to be completed:

I have personally advised the inmate of the above hearing procedures, and provided the inmate with a copy of the Administrative Procedures for Transfer to the ADX-GP. However, the inmate refused to sign the acknowledgement.

| Staff Name: | Staff Title: |
|---|---|
| Staff Signature: | Date: |

| 6. | Waiver of Appearance – I have been advised of my opportunity to appear before the Hearing Administrator regarding my referral for transfer to the ADX-GP. I wish to waive my right to appear at this hearing. I understand I may still provide documentary evidence to the Hearing Administrator prior to the date of the hearing referenced in section one of this form. |
|---|---|

| Inmate Name: | Register Number: | Date: |
|---|---|---|
| Staff Name: | Staff Title: | |
| Staff Signature: | Date: | |

BOP000007

| Notice of Hearing on Referral for Transfer to ADX Florence General Population |||
|---|---|---|
| Name | Register Number | Institution |
| AL-OWHALI, Mohamed | 42371-054 | USP Marion |

| I have personally advised the inmate of the above hearing procedures, and provided the inmate with a copy of the Administrative Procedures for Transfer to the ADX-GP. The inmate has declined to appear at this hearing and refused to sign the above waiver section of this form. I have advised the inmate he may submit documentary information to the Hearing Administrator prior to the date of the hearing referenced in section one of this form. ||
|---|---|
| Staff Name: | Staff Title: |
| Staff Signature: | Date: |
| Second Staff Name: | Second Staff Title: |
| Second Staff Signature: | Date: |



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

| Institution: **MARION USP** | Incident Report Number: **3471033** | |
|---|---|---|
| NAME OF INMATE: **AL-OWHALI, MOHAMED** | REG.NO.: **42371-054** | UNIT: |
| Date of Incident Report: **02-02-2021** | Offense Code(s): **224** | |
| Date of Incident: **12-20-2020** | | |

Summary of Charges:

**Assaulting any person (a charge at this level is used when less serious physical injury or contact has been attempted or accomplished by an inmate).**

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on _____ at ____ (by staff member) _____

B. The DHO Hearing was held on **09-24-2021** at **1445 hrs**

C. The inmate was advised of the rights before the DHO by (staff member):
**S. Wallace** on **09-24-2021**
and a copy of the advisement of rights form is attached.

D. Delay in Process **None**

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative: [Yes] __   [No] **X**

B. Inmate requested staff representative and **Chaplain Harmon** appeared.

C. Staff Representative's Statement:
**Inmate Al-Owhali had Chaplain Harmon provide a written statement which is attached, this is due to inmate Al-Owhali signing and asking for a waiver of appearance before the DHO.**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
**NA**

E. Staff representative **NA** was appointed.

III. PRESENTATION OF EVIDENCE

A. Inmate ( ) admits  ( **X** ) denies the charge(s).

B. Summary of Inmate Statement:
**Inmate Al-Owhali gave a written statement with 6 points as to why he did not do this. 1. the report doesn't have any evidence in it and should be re-written. 2. I did not assault ▇▇▇ 3. The DHO refuse the statement of ▇▇▇▇▇▇▇ 4. I requested statements for everyone the video shows in the incident, 5. PFRA because it's considered a religious gang, 6. I requested still shoots to be required and was refused.**

Prescribed by P5270         Replaces BP-304(52) of Jan 88

BOP000009

|  | **BP-A0304** | **DISCIPLINE HEARING OFFICER REPORT** |
|---|---|---|
| | | Dept. of Justice / Federal Bureau of Prisons |

C. Witnesses

1. The inmate waived right to witnesses. [Yes] ___ [No] **X**

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
   ███████ #███████ **this inmate is not at this institution and you waived your rights for this hearing.**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
   **NA**

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
   **Duties of Staff Representative -- (BP-A306)**
   **Discipline Hearing Officer Report -- (BP-A304)**
   **Administrative Detention Order -- (BP-A308)**
   **Incident Report -- (BP-A288)**
   **Incident Report - SIS Reports -- (BOP-IRSIS)**
   **Waiver of Appearance -- (BP-A307)**
   **Incident Report - Photographs -- (BOP-IRPHO)**
   **Inmate written statement**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
   **See SIS Report**

IV. FINDINGS OF THE DHO
   **X** A. The act was committed as charged.   _ C. No prohibited act was committed:
   _ B. The following act was commmitted:        Expunge according to inmate
   _____                      discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

**The inmate s due process rights were reviewed by the DHO, during the hearing. The inmate stated he understood his rights and did submit documentary evidence. He did sign a Waiver of Appearance for the DHO, and submitted a written statement also asked his Staff Representative to provide a written statement which Chaplain Harmon provided.**

**As stated in the Incident Report on February 2, 20201, at the conclusion of an SIS investigation, the following was discovered: On December 20, 2020 at approximately 8:30 a.m., four Muslim inmates, Mohamed Al-Owhali, #42371-054, ███████, #███████, ███████ #███████ and ███████ #███████, physically assaulted ███████, #███████. ███████ and ███████ waited at the bottom of the I unit**



**BP-A0304**          **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

steps to assault ▇▇▇. When ▇▇▇ came down the steps he was physically assaulted. ▇▇▇ punched ▇▇▇ hit him with a lock in a sock, and held him around the neck. ▇▇▇ punched and kicked ▇▇▇ in the leg/foot area. ▇▇▇ punched ▇▇▇ in the face/body area. At the end of the assault, while ▇▇▇ was laying at the bottom of the I unit steps, Mohamed Al-Owhali, #42371-054, came down the steps and kicked ▇▇▇ in the face area. ▇▇▇ had physical injuries consistent with being physically assaulted, 3-4 abrasions to the front of head with mild swelling, small amount of blood on lips, and abrasions on right knee.

The DHO considered your statement during the Investigation stating,  No Comment .

The DHO considered your statement during the UDC  It s not true. Ms. Hill is prejudiced. Ms. Hill created this problem by not moving my cell.  We did not assault him .

The DHO considered your witnesses, were not able to due to inmate being at another institution and this inmate was not asked for until after inmate Al-Owhali waived his appearance before the DHO.

The DHO considered your staff representative statement as documented in Section II. C.  this is attached to this document.  Items that you asked your Staff Representative he is not allowed to do;  Read all reports and look for contradictions within the reports,  review all video footage of each incident and provide time stamps frame by frame according to each moment of each incident, to include measuring out the specific location of inmate Al-Owhali according to each time stamp.  Provide information on whether or not there were email statements from inmates within the report.  Review any still images.  Provided information on weather or not there were any Confidential Informants providing statements within the report.  To discover the gossip from inmate ▇▇▇ ▇▇▇ and inmate ▇▇▇ ▇▇▇  regarding the incidents.  Your staff representative received all reports and was able to read each of them , video footage was reviewed by your staff representative multiple times does not need the time stamps and frame by frame for these incidents.  All reports were afforded and looked  at by your staff representative and he let you know that their were emails.  All video and pictures were looked at.  Your staff representative can not let you know or inform you of any Confidential informants,  You could have called witnesses but waived them for the hearing.

The DHO considered your statement as documented in Section III. B.  Inmate Al-Owhali gave a written statement with 6 points as to why he did not do this.  1. the report doesn't have any evidence in it and should be re-written. 2. I did not assault ▇▇▇  3. The DHO refuse the statement of ▇▇▇ ▇▇▇  4. I requested statements for everyone the video shows in the incident, 5. PFRA because it's considered a religious gang, 6.  I requested still shoots to be required and was refused.

The DHO considered the SIS report where inmates state "The guy in Cell 1 (Al-Owhali, #42371-054) is the problem.  He is trying to take control of everything, I saw it, Cell 1 kicked ▇▇▇ in the face, Cell 13 was hitting and kicking him.  Another  states The guy in cell 1 (Al-Owhali, #42371-054) is the problem.  He keeps pushing things here.   Also another stated Those guys you got in the SHU, they are the right ones.  They were all involved, all of them (Al-Owhali, ▇▇▇ ▇▇▇ and ▇▇▇ " Also along with these statement during the SIS investigation several email were sent.

After careful consideration, the DHO found you committed the prohibited act of Code 224:  Assaulting any person.  Based on the greater weight of the evidence as presented above.   Specifically, section 11 of the incident report where staff documented you, came down the steps and kicked ▇▇▇ in the face area.  Also the SIS report that shows multiple inmates in the unit saw you commit this prohibited act.   Based upon the reporting officers documented report and the evidence presented above; all shows you committed the prohibited act.



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** |
|---|---|

Dept. of Justice / Federal Bureau of Prisons

VI. SANCTION OR ACTION TAKEN

**224 - LP VISIT 90 DAYS, 224 - DIS GCT 27 DAYS, 224 - LP EMAIL 90 DAYS, 224 - LP COMM 90 DAYS**

VII. REASON FOR SANCTION OR ACTION TAKEN

**Code: 224**
**Assaulting any person is an attempt or threat to do violence to another, or the non-consensual touching of another person.  This type of action creates an unsafe environment for other inmates and staff and hampers their ability to run a safe and secure institution.  IN the past, serious assaults have resulted in retaliation assaults causing even more injuries, and even deaths, which cannot and will not be tolerated.  The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his action/behavior at all times.  Although not directly related to the infraction, privileges were taken to deter the inmate from this behavior in the future.**

VIII. APPEAL RIGHTS:  **X**  The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **S. WALLACE** | **S. WALLACE** | **09-26-2021** |

DHO Report Delivered to Inmate by:

| **N. Simpkins** | **N. Simpkins** | **09-27-2021 1130 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.