

U.S. Department of Justice
Federal Bureau of Prisons

*North Central Region*
*North Central Regional Office*
*Kansas City, KS  66101*

December 15, 2021

Deborah Golden
The Law Office of Deborah M. Golden, PLLC
700 Pennsylvanie Avenue, SE 2nd Floor
Washington, DC  20003

Dear Deborah Golden:

The Federal Bureau of Prisons (BOP) received your Freedom of Information Act/Privacy Act (FOIA/PA) request in which you request expedited processing of your request. Your request has been assigned a number and forwarded to the processing office noted below. Please make a note of the request number and processing office as you will need to include it in any correspondence or inquiry regarding your request. We are interpreting your request to be seeking the central file, disciplinary records, medical record, and mental health record pertaining to Al-Owhali, Mohamed #42371-054.

FOIA/PA Request Number:      2022-01360
Processing Office:                     NCR

Part of your request seeks any other records the BOP has regarding Al-Owhali. Without additional information, our office is unable to identify which records you seek. A proper Freedom of Information Act (FOIA) request for records must reasonably describe the records sought. See 5 U.S.C. § 552(a)(3)(A). This portion of your request does not adequately describe a BOP record with enough details to allow us to conduct a search. Please provide additional information should you be seeking records other than the records listed above.

The Department of Justice requires all requests for records be processed on a first-in, first-out basis. The four exceptions to this requirement are: "(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e). The BOP makes the determination regarding the first three exceptions, and the Department of Justice's Director of Public Affairs makes the determination when the fourth category is relied upon as the basis for requesting expedited treatment.

You requested expedited processing because of a pending court action.

You provided insufficient information to support your claim regarding a loss of substantial due process. Courts are reluctant to grant expedited processing unless a requester can show (1) "that [he] is facing grave punishment [in a criminal proceeding], and (2) that there is reason to believe information will be produced to aid the individual's defense." *Freeman v. United States Department of Justice*, No. 92-0557, slip op. at 4 (D.D.C. Oct. 2, 1992). Neither of these circumstances is present here.

Therefore, your request will be processed in the order in which it was received.

The time needed to complete our processing of your request depends on the complexity of our records search and the volume and complexity of any records located. Each request is assigned to one of three tracks: simple, complex, or expedited. Due to the large number of FOIA/PA requests received by BOP and the limited resources available to process such requests, BOP handles each request on a first-in, first-out basis in relation to other requests in the same track. Your request was assigned to the complex track and placed in chronological order based on the date of receipt.
We determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office, and/or the documents responsive to your request are expected to be voluminous and will require significant time to review. Because of these unusual circumstances, we have extended the time limit to respond to your request for the ten additional days provided by statute. Processing complex requests may take up to nine months. In accordance with 28 C.F.R. § 16.5(b) and (c), you may narrow or modify your request in an effort to reduce the processing time.

Pursuant to 28 C.F.R. § 16.10, in certain circumstances we are required to charge fees for time spent searching for or duplicating responsive documents. If we anticipate your fees will be in excess of $25.00 or the amount you have indicated you are willing to pay, we will notify you of the estimated amount. At that time, you will have the option to reformulate your request to reduce the fees. If you requested a fee waiver, we will decide whether to grant your request after we determine whether fees will be assessed for this request.

If you have questions regarding the status of your request or anything discussed in this letter, including reformulating or narrowing your request, you may contact the NCR at 913-551-1004 (phone) or the BOP's FOIA Public Liaison, Mr. Eugene Baime, at: 320 First Street NW, Room 924, Washington, DC 20534; ogc_efoia@bop.gov; or 202-616-7750 (phone). You can also check the status of your request online at http://www.bop.gov/PublicInfo/execute/foia.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi

Road (OGIS), College Park, MD 20740-6001; ogis@nara.gov; 202-741-5770 (phone); 1-877-684-6448 (toll free); or 202-741-5769 (fax).

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, DC 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

*[signature]*

Richard M. Winter
Regional Counsel