IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMED AL-'OWHALI,  ) | |
| ) | |
| Plaintiff,  ) | |
| vs.  ) | Case No. 3:21-cv-01399-SMY |
| ) | |
| FEDERAL BUREAU OF PRISONS,  ) | |
| MICHAEL CARVAJAL,  ) | |
| GENE BEASLEY,  ) | |
| BARB VON BLANCKENSEE, and  ) | |
| DANIEL SPROUL, in their official  ) | |
| Capacities,  ) | |
| Defendants.  ) | |

## DECLARATION OF MELISSA WALLACE

I, Melissa Wallace, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows related to the above-titled matter:

1. I am employed by the Federal Bureau of Prisons (BOP) as Acting Warden's Secretary at the United States Penitentiary in Marion, Illinois (USP Marion). I have held this position since May 2018. I have been employed by the BOP since July 2004. I have also served as the Administrative Remedy Clerk at USP Marion at various times and am currently serving in that role.

2. I am familiar with the inmate administrative grievance procedure created by the Bureau's Administrative Remedy Program,[1] and in my position as Warden's Secretary and Administrative Remedy Clerk at USP Marion, I have access to records created in the regular course of business by the BOP. This includes records maintained in the BOP's electronic

---

[1] *See* C.F.R. §§ 542.10 – 542.19.

database (called SENTRY[2]) and hard copy records maintained at various BOP facilities. All records attached to this declaration are true and accurate copies of BOP records kept in the regular course of business.

3. Plaintiff Mohamed Al-'Owhali, Reg. No. 42371-054, has been incarcerated at the United States Penitentiary – Administrative Maximum (ADX) located at the Federal Correctional Complex (FCC), Florence, Colorado, since December 17, 2021, following a transfer from USP Marion. *See* Attachment 1, SENTRY Inmate History – ARS for Al-'Owhali

4. I am familiar with the claims Plaintiff has raised in his First Amended Complaint, ECF No. 12 ("FAC"), in this case.

I. **The Bureau's Administrative Remedy Program.**

5. Generally, the Bureau has a four-tiered Administrative Remedy Program for inmate grievances, which is codified at 28 C.F.R. § 542.10 *et seq*. The first step is informal resolution with prison staff. 28 C.F.R. § 542.13(a). A Request for Informal Resolution (also known as a BP-8) is not assigned a Remedy ID number and is not tracked in SENTRY. The second step is the filing of a formal Request for Administrative Remedy (also known as a BP-9) at the institution in which the inmate is incarcerated. *Id*. An administrative remedy at this level, and subsequent levels, is assigned a Remedy ID number and tracked in SENTRY. The third step occurs if the inmate believes the response to the BP-9 is not satisfactory. Within 20 calendar days of the date the Warden signs the response, the inmate may then appeal the complaint to the Regional Director, by filing a Regional Office Administrative Remedy Appeal (also known as a BP-10). *See* 28 C.F.R. § 542.15(a). Under the standard Administrative Remedy procedure, an

---

[2] SENTRY is the Bureau's national database that tracks various data regarding an inmate's confinement, including but not limited to, an inmate's institutional history, sentencing information, participation in programs, administrative remedies, and discipline history.

appeal from a remedy sought at USP Marion must be appealed to the North Central Regional Office in Kansas City, Missouri. The fourth step occurs if an inmate is dissatisfied with the Regional Director's response. If that is the case, an inmate may appeal to the General Counsel in Washington, D.C., by filing a Central Office Administrative Remedy Appeal (also known as a BP-11) within 30 calendar days of the date the Regional Director signed the response. *Id.* An inmate may not raise in an appeal an issue not raised in a lower level filing. *See* 28 C.F.R. § 542.15(b)(2).

6. In the context of an appeal of placement in the ADX, BOP policy requires the inmate to appeal his placement decision by submitting a form BP-10 to the Grand Prairie Complex, U.S. Armed Forces Reserve Complex, at 346 Marine Forces Drive, Grand Prairie, Texas 75051. *See* Attachment 3, pg. 1.

7. A remedy request or appeal may be rejected at any level. 28 C.F.R. § 542.17(a). "When a submission is rejected, the inmate shall be provided a written notice...explaining the reason for rejection. If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." 28 C.F.R. § 542.17(b).

8. An inmate has not exhausted his administrative remedies until he has properly and timely sought review at all three formal levels of the Administrative Remedy process, as described in Paragraph 5. *See* 28 C.F.R. § 542.15(b)(2).

9. Since July 1990, the Bureau has maintained information related to administrative complaints filed by inmates under the Bureau Administrative Remedy Program in SENTRY. One of the many functions of the SENTRY database is to track administrative remedy complaints and appeals. It allows computerized searching of complaints and appeals filed by a

specific inmate.

10. Each formal complaint (i.e. BP-9, BP-10, and BP-11) is logged into SENTRY at the receiving location. If the complaint is an initial filing, it receives a unique REMEDY ID Number upon initial entry, which follows the complaint through the appeal process. Each Remedy ID Number also contains an extender that identifies the level of review. The extension F1 indicates the complaint was filed at the institution level (BP-9). The extension R1 indicates the complaint or appeal was filed at the regional level (BP-10). The extension A1 indicates the appeal was filed at the national level (BP-11). The number at the end of the extension may change if the remedy or appeal was initially rejected and is then re-filed due to a technical problem, such as improper form, failing to include documentation, or improper filing at that level.[3]

11. I have reviewed the SENTRY information identifying the number and types of administrative remedies and appeals filed by Plaintiff.

12. The SENTRY records show that Plaintiff has filed 169 individual administrative remedy requests and appeals of those remedies from the date of his incarceration (August 27, 1998) through the date of this declaration. *See* Attachment 1, SENTRY Inmate History-ARS for Al-'Owhali; *see also* Attachment 2, SENTRY – Administrative Remedy Generalized Retrieval dated November 17, 2022, for Al-'Owhali.

13. A review of Plaintiff's administrative remedies and appeals shows that he has not exhausted the claims raised in the FAC. I discuss below the claims and allegations that Plaintiff

---

[3] Material contained in administrative remedy packets include the Warden's copy of the four-part carbon administrative remedy form along with a photocopy of the signed response. The remedy documents are filed in accordance with Bureau Records Maintenance and Disposal requirements. The administrative remedy packets attached to this declaration contain the best available copies of these materials.

4

has not exhausted.

### I. Claim of Lack of Due Process in Violation of the Fifth Amendment.

14. Plaintiff claims Defendant did not provide him with adequate due process prior to the decision to transfer him to the ADX. FAC ¶86.

15. Inmates are afforded due process hearings to determine whether or not placement in the ADX is warranted. On October 4, 2021, after Plaintiff's hearing, he received notice of the determination that he warranted placement at the ADX. Attachment 3, ADX Placement Notice. The notice informed Plaintiff of his appeal rights concerning that decision. *Id.* The approval form approving Plaintiff's placement in the ADX specifically informed Plaintiff that he had "the right to appeal this decision within thirty days of receipt, through the Administrative Remedy Program, using a Regional Administrative Remedy Appeal (BP-10) form," and that his appeal should be sent to the Grand Prairie Complex. *Id.* at pg. 1. Plaintiff received, and acknowledged receipt, of this form on October 4, 2021. *Id.*

16. Plaintiff filed an appeal of his ADX placement in 1100538-R1 on November 1, 2021. *See* Att. 2 SENTRY Case Data for 1100538-R1 at page 80. The appeal was submitted at the regional level to the South Central Regional Office (SCR). *Id.* The SCR is located at the U.S. Armed Forces Reserve Complex, 344 Marine Forces Drive, Grand Prairie, Texas 75051. The SCR is distinct from the Grand Prairie Complex, and the two entities perform separate functions and have different responsibilities within the BOP. The SCR provides administrative oversight and support to the 21 federal prisons and community corrections offices in the five-state area that includes Arkansas, Louisiana, New Mexico, Oklahoma, and Texas. The Grand Prairie Complex, by contrast, includes the branch of the BOP Central Office that handles the agency's inmate designations, inmate transportation and sentence computations.

17. Plaintiff's appeal to the SCR was rejected on November 9, 2021, with the rejection codes WRL, INS, and INF. *Id.*; Attachment 4, Administrative Remedy Codes Guide. The rejection notice advised Plaintiff his Appeal was submitted to wrong level (WRL), that he failed to attempt informal resolution (INF), and that he must first file a BP-9 request though the institution for the Warden's review and response before filing an appeal at this level (INS). The rejection's remarks stated that Plaintiff must first attempt informal resolution at the institution he is currently assigned to." *Id.* As ADX placement appeals are required to be submitted to the BOP's Grand Prairie Complex, and ADX referrals are not common, ADX appeals at the regional level at the South Central Regional Office are not typical. Plaintiff appealed this rejection to BOP Central Office on February 23, 2022. *See* Att. 2 SENTRY Case Data for 1100538-A1 at page 85. AR 1100538-A1 was rejected on March 7, 2022. *Id.* The rejection notice advised Plaintiff that his Appeal was submitted to the wrong level (WRL), and in the remarks (OTH) instructed Plaintiff to submit his BP-10 to the DSCC, U.S. Armed Forces Reserve Complex, 346 Marine Forces Drive, Grand Prairie, Texas, 75051, as indicated in his hearing report. *Id.* There were no further submissions of Remedy 1100538. *Id.*

**II.     Claim of Religious Discrimination in Violation of the First Amendment.**

18. Plaintiff claims that anti-Muslim sentiments "infuse and infect" the BOP's decision to transfer him to the ADX. FAC ¶90. In AR 1087950-F1, submitted at the institution level on July 15, 2021, Plaintiff claimed that his SMU [Special Management Unit] referral was punishment for his religious beliefs and affiliations. *See* Attachment 5; Att. 2 at page 78. A SMU is a unit that is considered for any sentenced inmate whose interaction requires greater management to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public, because the inmate meets any of the following criteria: (1) Participated in

disruptive geographical group/gang-related activity; (2) Had a leadership role in disruptive geographical group/gang-related activity; (3) Has a history of serious or disruptive disciplinary infractions; Committed any 100-level prohibited act, after being classified as a member of a Disruptive Group pursuant to 28 CFR part 524; (4) Participated in, organized, or facilitated any group misconduct that adversely affected the orderly operation of a correctional facility; and, Otherwise participated in or was associated with activity such that greater management of the inmate's interaction with other persons is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public. The Warden closed remedy 1087950-F1 with explanation on October 26, 2021. *Id*. Plaintiff filed Appeal 1087950-R1 on December 3, 2021. *See* Attachment 2. The appeal was rejected on December 6, 2021, with the rejection code (UTR). *Id*. The rejection notice advised Plaintiff his Appeal was untimely (UTR). There were no further submissions of Remedy 1087950.

### III. Claim of Deliberate Indifference to Plaintiff's Need for Mental Health Treatment in Violation of the Eighth Amendment.

19. Plaintiff claims that the Defendant's decision to transfer him to the extreme isolation of the ADX, despite his serious mental illness, violates the Eighth Amendment. FAC¶95. However, Plaintiff has not submitted any administrative remedies concerning the impact of his transfer to the ADX on his mental health. *See* Attachment 2.[4]

I declare under penalty of perjury that the foregoing is true and correct. Executed on this **1st** day of December 2022.

---

[4] Administrative Remedy No. 1096088, which is abstracted in Attachment 2 as being about "Medical Care," addresses Plaintiff's complaints about the BOP's Hunger Strike Protocol. Attachment 6, Administrative Remedy No. 1096088.

7

_Melissa Wallace_
Melissa Wallace
Acting Warden's Secretary/
Administrative Remedy Clerk
U.S. Department of Justice
Federal Bureau of Prisons
United States Penitentiary
Marion, Illinois