U. S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

**Administrative Reedy Number**: 1096088-R1

This is in response to your Regional Administrative Remedy Appeal received on December 2, 2021. You allege your rights were violated when the Warden overruled the Clinical Director and ordered punitive, involuntary nasogastric tube feedings on three separate occasions. For relief, you request the Warden be disciplined.

We have reviewed the documentation related to your appeal. Based on this review, we concur with the manner in which the Warden addressed your concerns. In accordance with Clinical Practice Guidelines, _Medical Management of Inmates on Hunger Strike_, your condition was evaluated daily while on Hunger Strike Management Protocol. Specifically, you were evaluated by clinical staff on August 19, 25 and 26, 2021. Based on assessment of your clinical condition, the Clinical Director determined involuntary nasogastric feeding with nutritional supplement was necessary. Each day, prior to insertion of the nasogastric tube, you were offered to consume the supplement orally, which you refused. Nasogastric feeding was administered each day without incident. Given this, we shall defer diagnostic and treatment interventions to the Health Services staff at the local level. You are encouraged to report to sick call if you feel your condition requires further evaluation.

Furthermore, the Bureau of Prisons is committed to our mission of providing inmates essential health care and a safe and humane environment to live. All allegations of staff misconduct are taken seriously. Your allegations have been forwarded to the appropriate department for review. However, the results of the review are not releasable to you.

Based on these findings, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

01/07/2022
Date

Andre Matevousian, Regional Director

BOP000120

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: AL-OWHALI, MOHAMMED R.   42371-054   I   USP-MARION
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**

This is an appeal of the attached remedy # 1096088-F1.

On August 19, 25 and 26, al-Owhali had ~~spoke to~~ spoken to Nurses Hughes, and/or Moulton, who had received permission from Medical Director Dr. Pass to allow al-Owhali to drink Ensure voluntarily the night before so he could fast dawn to dusk on the ~~[scribbled]~~ next days.

On August 19, 25 and 26, without medical necessity, Warden Daniel Sproul overruled Dr. Pass' decision and ordered al-Owhali forcefed for punitive reasons.

Punitive force feeding is a violation of US Const Amend VIII. It also violated al-Owhali's RFRA and US Const Amend I rights to fast. And, this is part of a pattern of cruel and abusive behavior by Sproul to USP-Marion inmates.

Please respect al-Owhali's rights and discipline Sproul.

11-26-2021
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DEC 03 2021
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

---

DATE                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

**Part C - RECEIPT**
                                          CASE NUMBER: 1096088-R1

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

DATE                                SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR   PRINTED ON RECYCLED PAPER   BP-230(13) JUNE 2002

BOP000121

U.S. Department of Justice  
Federal Bureau of Prisons

Administrative Remedy  
Part B - Response

---

Administrative Remedy Number: 1096088-F1

---

This is in response to your Administrative Remedy receipted September 15, 2021, wherein you claim USP Marion staff have violated your religious rights to fast on various days. For relief, you request "end of violation, investigation, monetary compensation for RFRA violation."

A review of your medical file indicates you initiated a hunger strike on Thursday, June 10, 2021, during the breakfast meal. On June 17, 2021, you consumed more than your prescribed dosage of buspirone with the intent of self-harm. The number of buspirone 7.5mg tablets that were consumed was estimated between 15-20 tablets. Psychology staff and medical staff evaluated and treated you after this incident and you were immediately placed on suicide watch. All medications were discontinued at that time and you were observed until psychology staff deemed you stable and not suicidal.

On August 26, 2021, you voiced to medical staff you would like to try taking Zoloft as you had taken in the past and felt it helped. You stated you would be willing to drink Ensure voluntarily along with the Zoloft. The physician ordered the Zoloft to be administered concurrent with consumption of the Ensure. The physician felt due to absorption levels being unpredictable, as you were on a lengthy hunger strike with minimal caloric intake, that unless you had nutrition with the medication, an adverse or unpredictable reaction could occur. You agreed to consume the Ensure before receiving the medication due to the physiological concerns the medication could impact the body. If more than two offerings of Ensure were missed then the physician evaluated your medical condition and ordered involuntary feeding as necessary. As of September 23, 2021, during the evening meal, you ceased to be on hunger strike.

Accordingly, your Request for Administrative Remedy is for informational purposes only. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492

11/8/21  
Date

D. Sproul, Warden

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ALOwhaeli Mohamed.R    42371054    I    USP Marion
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** USP Marion staff violated my right to exracise my religion, guaranteed by the ("RFRA") when they prevented me from fasting on 8-19, 8-23, 8-26. in the Religious Land Use and Institutionalized person act, the state "sister" of the RFRA Congress defined the exercise of religion to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief" USP Marion staf violate Bureau Policy by ordring an involuntary feeding despite the physican having authorized me to drink two containers of Ensure on the nights before the fasting day, so that I could skip the involuntary feeding on the fasting days PS.5562.05 mandates that "only the physican may order involuntary medical treatment" I request the end of such violatin, investigation, monetary compensation for RFRA violation

9-13
DATE                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

USP Marion
Received by Admin Remedy Clerk
Date: 9/13/21

DATE                    WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 1096088-F1

CASE NUMBER: 1096088-F1

**Part C- RECEIPT**
Return to:
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: 19 JM, 26 BM

DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)    BOP000123

FPI-PEPR    PRINTED ON RECYCLED PAPER    BP-229(13) APRIL 1982

Attachment A

8-19-21
(NS)
Force Feeding

## Administrative Remedy - Informal Resolution
### Marion, Illinois

Inmate's Name: **Al-Owhli**    Reg No **42371054**   Unit **I**   Date **8-25**

NOTICE: You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: The force Feeding at 8-19 and continue every Monday and Thursday is ilegal, do to the fact that ~~~~, there was no medical need for it, and that it was for the gaul of violating my Fast as a mean to end my hanger strike

2. State what efforts you have made to informally resolve your complaint: I comunicate with the warden ~~and it~~ who chose to enterfear with Medical dissision and talk to Health Service staff

3. State what resolution you request: to end the practice of force feeding for no medical reasons, and do the proper ivestegation, and legal recurse for the matter and Monetery compensation for RFRA

Inmate's Signature: _____   Date: **8-25-2021**

4. Correctional Counselor's Comments (Steps to Resolve): You are being fed nasogastricly due to medical deeming you need nutrients based on your lab/bloodwork results after refusing to eat for a prolonged time.

Counselor's Signature: N. Sipk?   Date: **9-8-21**
Unit Manager's Review: _____   Date: _____

| | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|
| Date | 8-25 | 9-8-21 | 9-9-21 | |
| Time | | | | |
| Counselor | NS | NS | NS | |

USP Marion
Received by Admin Remedy Clerk
Date: 9/15/21

MAR-1010.03J       03-27-10       Page 4

BOP000124

| U.S. Department of Justice | Administrative Remedy |
|---|---|
| Federal Bureau of Prisons | Part B – Response |

**Administrative Remedy Number**: 1087950-F1

This is in response to your Administrative Remedy receipted July 15, 2021, wherein you claim, you are being subjected to a SMU referral as punishment for your religious beliefs and affiliation. For relief, you request "compensation in light of RFRA because I am being subjected to emotional damage and distress due to my religious affiliation and activities."

You were not the subject of a SMU referral due to your religious beliefs or affiliation. There are other inmates in your unit whom share your religious beliefs and affiliation that were not referred to a SMU. You were being recommended for a referral to a SMU based on your most recent assaults on another inmate and your past actions and continued disruptive behavior in the CMU. The reason for this referral was based on you meeting the criteria based on your own actions, however, the SMU referral has been removed and you are now designated to Florence Max USP, General Population.

Monetary damages may not be awarded via the administrative remedy process. If you wish to seek monetary compensation based on the negligence of staff, you must file your claim through the administrative procedures applicable to the basis of your claim (i.e., 31 U.S.C. & 3723 or the Federal Tort Claims Act).

Accordingly, your Request for Administrative Remedy is for informational purposes only. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

10/26/21
Date

D. Sproul, Warden

BOP000125