IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MOHAMED Al-OWHALI, #42371-054,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 21-cv-01399-SMY |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| **BARB VON BLANCKENSEE,** *in her* | ) |
| *official capacity as FBOP's Regional* | ) |
| *Director of North Central Region,* | ) |
| **DANIEL SPROUL,** *in his official capacity* | ) |
| *as Warden of USP-Marion,* | ) |
| **ANDRE MATEVOUSIAN,** *in his official* | ) |
| *capacity as FBOP's Assistant Director of the* | ) |
| *Correctional Programs Division,* | ) |
| **and COLETE S. PETERS,** *in her official* | ) |
| *capacity as the FBOP Director,* | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 23). Plaintiff opposes the motion (Doc. 24). For the reasons set forth herein, Defendants' motion is **DENIED**.

**Background**

Plaintiff Mohamed Al-Owhali is currently in the custody of the Federal Bureau of Prisons (FBOP), where he is serving a life sentence for convictions stemming from the 1998 bombing of the American Embassy in Nairobi, Kenya. *See In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 101-05 (2d Cir. 2008). Plaintiff filed the instant action under 28 U.S.C. § 1331 seeking declaratory and injunctive relief to stop his anticipated transfer from the United States

1

Penitentiary in Marion, Illinois (USP-Marion) to the United States Penitentiary Administrative Maximum Facility in Florence, Colorado (USP-Florence ADX).

In the Complaint filed November 8, 2021, Plaintiff claimed that his anticipated transfer constituted retaliation for his religious association with a group of Muslim inmates in violation of the First Amendment (Count 1); deprivation of a protected liberty interest without due process of law in violation of the Fifth Amendment (Count 2); and deliberate indifference to his serious mental illness in violation of the Eighth Amendment (Count 3). (Doc. 1).

Plaintiff filed his Complaint before transferring from USP-Marion. As such, the Court concluded that his claims and requests for relief were based on contingent future events and were premature, and dismissed all three claims without prejudice on November 30, 2021 (Doc. 11). Plaintiff filed an Amended Complaint on December 30, 2021, after he was transferred to USP-Florence ADX. (Doc. 12). He reasserted the same claims against FBOP and high-ranking officials and seeks an order rescinding the transfer decision due to the significant likelihood that his placement in USP-Florence ADX will cause increased illness and unnecessary suffering. Defendants move to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). (Doc. 23).

## Discussion

In order to survive a Rule 12(b)(6) motion to dismiss, the Complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide

"more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

Rule 12(b)(1), permits dismissal of claims for lack of subject matter jurisdiction. In evaluating a Rule 12(b)(1) motion, the Court may consider information outside of the Complaint to determine whether subject matter jurisdiction exists. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995). Factual allegations and reasonable inferences drawn from those facts are viewed in the light most favorable to the plaintiff. *Patel v. City of Chi.,* 383 F.3d 569, 572 (7th Cir. 2004).

Defendants argue the allegations in the Amended Complaint fail to state a viable claim for relief under the First, Fifth, or Eighth Amendments. They also seek dismissal of the request for injunctive relief under Rule 12(b)(6) and dismissal of the request for declaratory relief under Rule 12(b)(1). Specifically, they argue that the specific injunctive relief Plaintiff seeks runs afoul of the Prison Litigation Reform Act, and without the claim for injunctive relief, the Court lacks subject matter jurisdiction over his request for declaratory relief.

The Court screened the allegations in the original Complaint (Doc. 1) and Amended Complaint (Doc. 12) pursuant to 28 U.S.C. § 1915A. In doing so, the Court determined that all three claims as pleaded in the original Complaint were subject to dismissal under § 1915A (Doc. 11) but survived screening as pleaded in the Amended Complaint (Doc. 13). The applicable legal standards for screening claims under § 1915A and Rule 12(b)(6) are virtually the same. Section 1915A requires the Court to review the allegations set forth in support of each claim and dismiss any portion that fails to state a claim for relief, is legally frivolous or malicious, or seeks money damages from a defendant who is immune. 28 U.S.C. § 1915A. Rule 12(b)(6) requires dismissal

of the Complaint, or any portion of it, for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To survive review under both standards, a Complaint must include sufficient facts to state a claim for relief that is plausible on its face and must also state sufficient facts to raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *v. Twombly*, 550 U.S. at 555. Thus, the instant motion is essentially a request that the Court reconsider the Merits Review Order (Doc. 13), which allowed Counts 1, 2, and 3 in the Amended Complaint to proceed. The Court declines the invitation – there is no factual or legal basis for upending the screening order or the Court's decision to allow Counts 1, 2, and 3 to proceed. *See Williams v. Luking*, No. 3:21-cv-00448-GCS, 2022 WL 1692430, at *3-4 (S.D. Ill. May 26, 2022) (concluding that a § 1915A screening forecloses a motion to dismiss pursuant to Rule 12(b)(6) as a successive and *de novo* review of the legal sufficiency of a complaint and treating such a motion as one for reconsideration). Defendants' motion for dismissal pursuant to Rule 12 (b)(6) is denied.

### Rule 12 (b)(1) Dismissal

Defendants maintain that Plaintiff's request for injunctive relief violates the PLRA and seek dismissal of the Amended Complaint on that basis. A "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002). Given this, it is unclear why Defendants now seek dismissal of the entire case based on the exact terms and scope of injunctive relief requested.

Plaintiff specifically seeks an order rescinding the transfer decision and returning him to USP-Marion. Defendants challenge this request for injunctive relief as overbroad, intrusive, and inconsistent with the PLRA. They point out that the PLRA limits the scope of injunctive relief

4

afforded to prisoners so that the relief "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." (Doc. 23, p. 6) (citing 18 U.S.C. § 3626(a)(1)(A)). They also cite several cases where injunctive relief was initially granted but struck down as being overbroad in violation of 18 U.S.C. § 3626(a)(1)(A). But while Defendants correctly summarize the PLRA's limitations on injunctive relief, they provide no grounds for dismissal of Plaintiff's request for injunctive relief or any claims at this juncture. Whether Plaintiff's request for injunctive relief is sufficiently narrow in scope under the PRLA is an inquiry best saved for another day.

Accordingly, Defendants' request for dismissal of all claims for injunctive relief pursuant to Rule 12(b)(6) and, by extension, dismissal of all requests for declaratory relief under Rule 12(b)(1), will be denied.

## Conclusion

The Motion to Dismiss (Doc. 23) filed by Defendants Federal Bureau of Prisons, Andre Matevousian, Colete S. Peters, Daniel Sproul, and Barb von Blanckensee is **DENIED**. Defendants shall file their Answers to the First Amended Complaint (Doc. 12) within 14 days of the date of this Order (on or before **October 10, 2023**). FED. R. CIV. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

**DATED: 9/25/2023**

                                                  s/ Staci M. Yandle
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**