IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMED AL-'OWHALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Civil No. 3:21-cv-1399-SMY |
| | ) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO RECONSIDER THE SEPTEMBER 25, 2023
MEMORANDUM AND ORDER IN PART**

Defendants, in their official capacities, by and through their attorneys, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Ray M. Syrcle, Assistant United States Attorney, now ask the Court to reconsider its September 25, 2023 Memorandum and Order (Doc. 31) in part, and state as follows in support.

**I.   As Plaintiff has conceded to dismissal of Count 2, the count should be dismissed.**

On September 25, 2023, the Court entered an Order denying Defendants' Motion to Dismiss for Failure to State a claim. (Doc. 31). The Court's Order was premised, in part, on the fact the Court had previously allowed Plaintiff's claims through threshold review under 28 U.S.C. § 1915A. (*See id*. at 3 – 4). The Court found there to be no factual or legal basis for upending the threshold order. (*Id*. at 4).

Plaintiff, however, conceded the Motion to Dismiss as to Count 2—the First Amendment claim. In his Opposition to Defendants' Motion to Dismiss, Plaintiff does not address Defendants' arguments as to Count 2, but rather, explicitly "concede[d] that Defendants are correct as to his second cause of action: religious discrimination in violation of the First Amendment." (Doc. 24, pg. 2, n. 1). The Opposition also describes the agreement between Plaintiff's counsel and

1

Defendants' counsel to reflect the concession in briefing, as opposed to the filing of a Second Amended Complaint, in the interests of efficiency and economy.  (*See id*.).

Given Plaintiff's concession, the Court should reconsider, in part, its Order denying the Motion to Dismiss and dismiss Count 2.  Though no rule in the Federal Rules specifically codifies a motion to reconsider, in similar circumstances, courts have applied authorities such as Rule 54(b), *see Jenkins v. United States*, 2021 WL 2711689 *1 (S.D. Ill. Jul. 1, 2021); *Cunningham v. Lewis*, 2017 WL 4882337 *1 (S.D. Ill. Oct. 30, 2017) (Yandle, J.), and Rule 59(e), *see Emerick v. Wood River—Hartford School Dist. No. 15*, 2018 WL 11508497 * 1 (S.D. Ill. Mar. 19, 2018). This Court has also noted it "has the inherent power to reconsider interlocutory orders…." *Cunningham*, 2017 WL 4882337 at *1.  Regardless of the specific authority, a motion for reconsideration should be granted where the Court has committed a manifest error of fact or law. *See Jenkins*, 2021 WL 2711689 at *1; *Emerick*, 2018 WL 11508497 at *1; *Cunningham*, 2017 WL 4882337 at *1.  Accordingly, as Plaintiff has conceded dismissal of Count 2, a reconsideration of the September 25th Order as to Count 2 and dismissal of the claim would be in furtherance of "the prevention of manifest injustice" to Defendants.  *Emerick*, 2018 WL 11508497 at *1.

For the reasons stated above, Defendants respectfully request the Court grant their Motion to Reconsider the September 25, 2023 Memorandum and Order in Part, and dismiss Count 2 of the First Amended Complaint.

Respectfully submitted,

RACHELLE AUD CROWE
United States Attorney
Southern District of Illinois

*/s/ Ray M. Syrcle*
RAY M. SYRCLE
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
(618) 628-3700
(618) 622-3810 (fax)
Email: Ray.Syrcle@usdoj.gov
*Attorneys for Defendants*