**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MOHAMED AL-'OWHALI,          ) | |
|                              ) | |
|            Plaintiff,        ) | |
|                              ) | |
| vs.                          ) | Civil No. 3:21-cv-1399-SMY |
|                              ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, ) | |
|                              ) | |
|            Defendants.       ) | |

**<u>DEFENDANTS' REPLY SUPPORTING THE MOTION FOR TRANSFER</u>**

Defendants, in their official capacities, by and through their attorneys, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Ray M. Syrcle, Assistant United States Attorney, state as follows for their Reply Supporting the Motion for Transfer.

**I.   This matter could have been brought, and venue is proper in, the District of Colorado.**

Included among the arguments raised in Plaintiff's response is that this Court cannot transfer venue under 28 U.S.C. § 1404(a) because this matter could not have been brought in the District of Colorado initially, as none of the "events or omissions," as used in 28 U.S.C. §§ 1391(b)(2), & (e)(1), giving rise to his claims occurred in the District of Colorado. Plaintiff's argument, however, is not a proper interpretation of § 1391.

Plaintiff's interpretation of the phrase "events or omissions" in § 1391 is contrary to the plain text of the statute. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (statutory analysis "begins with the language of the text") (quotations omitted). An "event" is "[s]omething that happens or takes place, esp. something significant or noteworthy; an incident, an occurrence." *Event Definition II.*, OXFORD ENGLISH DICTIONARY, (Rev. 2018), (last visited Nov. 14, 2023).[1] An "omission" is "[t]he non-performance or neglect of an action which one has a moral duty or

---

[1] Available at https://www.oed.com/dictionary/event_n?tab=meaning_and_use#5128817.

1

legal obligation to perform;" *Omission Definition 1.*, OXFORD ENGLISH DICTIONARY, (Rev. 2018), (last visited Nov. 14, 2023)[2], or "[a] failure to do something; esp. a neglect of duty." BLACK'S LAW DICTIONARY 509 (3d Pocket ed. 2006). Clearly, the conditions which form the basis of Plaintiff's Eighth Amendment claim "happen[]" "take[] place" and "occur[]" at the ADX where he is housed in Colorado. *See Event Definition II., supra*. Also, to succeed on his Eighth Amendment claim, Plaintiff must demonstrate prison officials were deliberately indifferent to an objectively serious deprivation of the minimal civilized nature of life's necessities. *Farmer v. Brennan*, 511 U.S. 525, 834 (1994). In other words, Plaintiff must demonstrate an omission on the part of the BOP—"[a] failure to do something;" or a "non-performance"—relating to the conditions of his confinement at the ADX *existing in Colorado*. *See* BLACK'S LAW DICTIONARY, *supra*; *Omission Definition 1., supra*. Indeed, courts deciding venue issues have found that a substantial part of the events or omissions giving rise to a conditions of confinement claim occur in the venue where the conditions exist. *See e.g., Montgomery v. Barr*, 502 F.Supp.3d 165, 174 – 73 (D.D.C. 2020) (finding that the plaintiff's claims arose in the place of incarceration in Texas "because they depend on the conditions of her current confinement" and not in Washington D.C.). *See also Thomas v. MDOC*, 2023 WL 6541842 *1 (E.D. Mich. Oct. 5, 2023); *Robinson ADC v. Minors*, 2022 WL 606322 *1 (E.D. Ark. Mar. 1, 2022); *Francis v. Director TDCJ-CID*, 2022 WL 707235, *2, n. 1, *report and recommendation*, (N.D. Tx. Feb. 7, 2022), *adopted*, 2022 WL 705857 (N.D. Tx. Mar. 9, 2022); *Baker v. Texas*, 2016 WL 625090 *1 - *2, *report and recommendation*, (S.D. Tx. Jan. 13, 2016), *adopted*, 2016 WL 631427 (S.D. Tx. Feb. 16, 2016).

    The District of Colorado is also a proper venue for Plaintiff's due process claim. Though Plaintiff's claim relates to the process he was afforded while at USP Marion, the end result of that

---

[2] Available at https://www.oed.com/dictionary/omission_n?tab=meaning_and_use#33487479.

process is Plaintiff's incarceration in conditions he wishes to avoid in the ADX. While Defendants concede the Southern District of Illinois is one proper venue for this action, "venue can be proper in more than one district." *TruServ Corp. v. Neff*, 6 F.Supp.2d 790, 792 (N.D. Ill. 1998). As long as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in the District of Colorado, venue is also proper there. *See id*. While Plaintiff's due process claim includes events occurring at Marion, the alleged resulting injury is confinement in the ADX, and the relief he seeks is transfer out of the ADX. Therefore, the conditions of the ADX also give rise to his due process claim, and, accordingly, a substantial portion of the events or omissions giving rise to this claim occurred in Colorado. *See Montgomery*, 502 F.Supp.3d at 177 (claim regarding prison conditions was a local conditions of confinement case, not a challenge to policies emanating from Washington, D.C.); *TruServ*, 6 F.Supp.2d at 792 ("substantial portion" of "events or omissions" can occur in more than one venue and the test is not which venue's events or omissions are more significant).

Venue has also been proper in the District of Colorado at all times during this litigation. This Court dismissed Plaintiff's initial complaint at the threshold review stage, and the First Amended Complaint is the current, operative, controlling complaint. *See* (Doc 11); *Auto Driveaway Franchise Systems, LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674 (7th Cir. 2019) ("[O]nce an amended pleading is interposed, the original pleading no longer performs any function in the case.") (quotations omitted). When Plaintiff filed the Amended Complaint, he had been transferred to the ADX. (Doc. 12, ¶ 1). Therefore, at the time he filed the current, controlling complaint, Plaintiff was housed in the conditions which he alleges provide the basis for his claims, occurring in the District of Colorado.

In addition, Plaintiff also could have brought the present suit in the District of Colorado even when he filed his initial complaint. Though Plaintiff was housed in USP Marion when he filed his first complaint, the gravamen of the initial and amended complaints are essentially the same: that BOP cannot constitutionally house Plaintiff at the ADX in Colorado. (*Compare* Doc. 1 *to* Doc. 12). Indeed, in the initial complaint, Plaintiff sought to prevent a transfer to the ADX, and in the current Amended Complaint, Plaintiff seeks an order to transfer him out of the ADX. (*See* Doc. 1, pg. 14; Doc. 12, pg. 18). Therefore, at the time Plaintiff filed his first complaint, and initiated this litigation, his claims arose from conditions "happen[ing]," "tak[ing] place," and "occur[ing]" in the ADX in the District of Colorado. *See Event Definition II., supra*. At the time Plaintiff was housed at Marion when he initiated this litigation, his claims nonetheless "depend[ed] on the conditions of…confinement" in the ADX. *Montgomery*, 502 F.Supp.3d at 175. Accordingly, whether at the time he filed the current controlling Amended Complaint, or when he filed his initial complaint, the District of Colorado is a venue where this action "might have been brought" under the transfer of venue statute. 28 U.S.C. § 1404(a).

Adoption of Plaintiff's position, that "events or omissions" include only the actions taken by officials to transfer him to the ADX, "would produce an absurd result." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 252 (2010). Plaintiff's position ultimately is that the conditions of a prison's confinement itself cannot serve as the basis for venue of a claim premised on prison conditions. What Plaintiff seeks is an interpretation of 28 U.S.C. § 1391 holding that a conditions of confinement claim can never be brought in the venue of the complained-of confinement as long as the decisions to place the inmate in that confinement were made elsewhere. This interpretation is contrary not only to the plain meaning of the statute but also to the district court decisions on venue in conditions of confinement cases cited above. This

4

Court should "decline [Plaintiff's] invitation to adopt a view of the statute that is contrary to its plain meaning and would produce an absurd result." *Milavetz*, 559 U.S. at 252.

### II.     Personal jurisdiction over the Warden of Marion is not at issue.

In the introduction of his Response, Plaintiff also asserts the District of Colorado would not have had personal jurisdiction over Defendant Sproul at the time this matter was brought. (Doc. 37, pg. 1). Plaintiff does not go on to elaborate. Regardless, Plaintiff references a non-issue.

Personal jurisdiction is a defense and is waivable. *Hedeen International, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 905 (7th Cir. 2016). Defendant Sproul is sued only in his official capacity as the Warden of USP Marion, (Doc. 12, ¶ 14), and the issue of personal jurisdiction over the Warden of Marion by the District of Colorado has not been raised by Defendants. Should this matter be transferred to the District of Colorado, Defendants waive any arguments as to that court's personal jurisdiction over the Warden of Marion in his or her official capacity.[3]

        Respectfully submitted,
        RACHELLE AUD CROWE
        United States Attorney

        */s/ Ray M. Syrcle*
        RAY M. SYRCLE
        Assistant United States Attorney
        Nine Executive Drive
        Fairview Heights, Illinois 62208-1344
        (618) 628-3700
        (618) 622-3810 (fax)
        Email: Ray.Syrcle@usdoj.gov
        *Attorneys for Defendants*

---

[3] It is also not clear why the Warden of Marion was named a defendant at the time the Amended Complaint was filed. By that time, Plaintiff had been transferred to the ADX, and Dan Sproul was no longer Plaintiff's custodian. (*See* Doc. 12, ¶ 1). In fact, now, as well as at the time the Amended Complaint was filed, Defendant Sproul is unable to carry out the relief Plaintiff seeks. Plaintiff has not named as a defendant any BOP official residing in the District of Colorado, and it is curious Plaintiff chose to sue his former custodian and not his current custodian, who may well be the only official who can carry out the equitable relief sought. In the event the Court is disinclined to transfer due to Warden Sproul, however, the Court has discretion to sever and retain Warden Sproul and the only claim that could possibly relate to him, the due process claim, and transfer the Eighth Amendment claim. *See e.g., Gallery House, Inc. v. Yi*, 587 F.Supp. 1036, 1039 (N.D. Ill. 1984) (citing cases).